## LIGHTFRITZ v STATE

Ohio Appeals, 4th Dist, Washington Co

Decided Feb 21, 1929

Charles D. Fogle, for Lightfritz.
Fred E. Meyers, Marietta, for State.

**BLOSSER, J.**

Before the swearing of the jury Brady Lightfritz moved for a separate trial and for a change of venue for certain reasons stated in the motion. It is well settled in this state that the granting of a separate trial to one of two defendants jointly indicted and also the matter of a change of venue are within the discretion of the trial court. No affidavit or other evidence was offered in support of the motion. It is presumed the court properly exercised its discretion. Therefore it can not be said that the trial court erred in overruling the motion.

The court in substance directed the jury to return a verdict of guilty against Clayton Lightfritz, and it is claimed that this is error. A parallel question was presented to this court in Ross County in the case of **Myers v State.** Sayre, J., speaking for the court said:

> "In the Myers case the court directed a verdict of guilty. This was not prejudicial error because the defendant had admitted his guilt on the witness stand. It was the duty of the jury to convict him. The only chance for a verdict of not guilty or a disagreement was that all or part of the jurors would refuse to do their duty. The defendant has no right to a reversal because possibly the jurors might have disagreed or acquitted him despite their duty."

Where there is any dispute as to the facts in a criminal case the defendant is entitled to have his case determined by a jury under the constitutional guarantee of a fair and impartial jury trial. In this case the state presented two witnesses who claimed to be eye witnesses to the crime. The defendant Clayton Lightfritz voluntarily testified under oath to the court and jury, admitting every material element of the crime charged in the indictment. There was no conflict in the evidence and no dispute as to the facts so far as he was concerned. What issue was there to be submitted to the jury? He can not complain of a violation of his constitutional rights, because having admitted his guilt in open court he no longer had a case to be tried to a jury. Under such a state of facts he should not be allowed to speculate with the verdict in the hope that the jurors would possibly violate their oaths.

As to the contention that the court's instruction as to Clayton Lightfritz was prejudicial to Brady Lightfritz, we can not agree in view of the court's instruction that one defendant could be acquitted and the other convicted.

It is urged that the court erred in charging the jury with reference to the character of Brady Lightfritz. While the

charge of the court was not as full and complete as it might have been under the circumstances, yet it substantially covered the subject, and as the defendant made no request at the time for further charge upon this subject we find no error in this respect.

Having found no error in the record prejudicial to the rights of the accused the judgment is affirmed.

Middleton, PJ, and Mauck, J, concur.